UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTHONY MARTIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:23-cv-00379-JPH-MKK ) |
| ARNOLD, MARK SMITH JR, ASHBA, HOLCOMB, MARTINEZ, RUSSELL, TAWNI TEMPLETON, THOMAS WELLINGTON, FRANK VANIHEL, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER SCREENING THE COMPLAINT AND DIRECTING SERVICE OF PROCESS**

*Pro se* prisoner Anthony Martin sues nine prison officials for allegedly violating his civil rights. Because Mr. Martin is incarcerated, the Court must screen his complaint before directing service on the defendants. 28 U.S.C. § 1915A.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes pro se complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The complaint names the following defendants: Officer Arnold, Officer Mark Smith, Jr., Sergeant Ashba, Lieutenant Holcomb, Sergeant Martinez, Major Russell, Tawni Templeton, Thomas Wellington, and Warden Frank Vanihel. (Dkt. 2 at 1-2). Although not listed in the caption of the complaint, Mr. Martin also brings a claim against the Indiana Department of Correction. (*Id.* at 4). Mr. Martin seeks nominal, compensatory, and punitive damages. (*Id.* at 9).

The complaint alleges the following. On November 24, 2021, Officer Arnold sprayed Mr. Martin with a chemical agent without a legitimate security or penological purpose. (*Id.* at 5). Lieutenant Holcomb, Sergeant Ashba, and Sergeant Martinez then denied Mr. Martin a decontamination shower and refused to let him change his clothes. (*Id.* at 5-6).

The next morning at breakfast, Officer Smith was working with Officer Arnold and sprayed Mr. Martin with a chemical agent without a legitimate

security or penological purpose. (*Id.* at 6). They denied Mr. Martin a decontamination shower and refused to let him change his clothes. (*Id.*).

Mr. Martin brought the issue of ongoing physical assaults by Officer Arnold and Officer Smith to the attention of Ms. Templeton, Mr. Wellington, and Major Russell, but they refused to investigate the ongoing misconduct or act within their authority to prevent a future physical assault. (*Id.* at 6-7).

On December 8, 2021, Officer Smith and Officer Arnold handcuffed Mr. Martin, rammed him into a wall, and battered him in retaliation for filing grievances. (*Id.* at 7). They later filed false conduct reports against Mr. Martin in retaliation for his grievances. (*Id.* at 8).

Mr. Martin believes that the Indiana Department of Correction's use of force policy "allows its officers to justify the use of unnecessary force or misuse of chemical agents, when it's clearly unconstitutional or excessive." (*Id.*) (cleaned up). This policy was promulgated by Warden Vanihel. (*Id.*).

### III. Discussion

Mr. Martin's Eighth Amendment excessive force/failure-to-intervene claims, First Amendment retaliation claims, and Indiana battery claims **shall proceed** against Officer Smith and Officer Arnold in their individual capacities.

His Eighth Amendment claims **shall proceed** against Sergeant Ashba, Lieutenant Holcomb, and Sergeant Martinez in their individual capacities on the theory that they failed to intervene to stop Officer Arnold's use of excessive force

on November 24, 2021, or that they failed to let Mr. Martin decontaminate or seek medical care after Officer Arnold's excessive force on November 24, 2021.

His Eighth Amendment failure-to-protect claims **shall proceed** against Ms. Templeton, Mr. Wellington, and Major Russell in their individual capacities on the theory that they knew Mr. Martin was at a substantial risk of future assault from Officer Smith and Officer Arnold but failed to take reasonable action within their authority to prevent a future assault.

His Eighth Amendment claim **shall proceed** against Warden Vanihel in his individual capacity on the theory that Warden Vanihel enacted a use of force policy that allows correctional officers to use excessive force against prisoners.

Mr. Martin's *Monell* claim against the Indiana Department of Correction, *see* dkt. 2 at 4, is **dismissed** because the Eleventh Amendment prohibits such claims against a state or its agencies. *See Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748-49 (7th Cir. 2005) ("The Court has been clear, however, that *Monell's* holding applies only to municipalities and not states or states' departments.") (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70 (1989) ("[W]e consequently limited our holding in *Monell* to local government units which are not considered part of the state for Eleventh Amendment purposes.") (internal quotation marks omitted)).

This summary includes all viable claims identified by the Court. If Mr. Martin believes his complaint contains additional viable claims, he may file a notice identifying those claims within **21 days of the issuance of this Order**.

4

## IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Officer Arnold, Officer Mark Smith, Jr., Sergeant Ashba, Lieutenant Holcomb, Sergeant Martinez, Major Russell, Tawni Templeton, Thomas Wellington, and Warden Frank Vanihel in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk shall** serve the defendants electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED**.

Date: 10/23/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANTHONY MARTIN
945288
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Electronic service to the following IDOC Defendants at Wabash Valley Correctional Facility:

    Officer Arnold
    Officer Mark Smith, Jr.
    Sergeant Ashba
    Lieutenant Holcomb

Sergeant Martinez
Major Russell
Tawni Templeton
Thomas Wellington
Warden Frank Vanihel.